**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Kevin Paul Peno

    v.                                                  Civil No. 11-cv-242-SM

David Varano et al.[1]


**O R D E R**


Before the court is a petition for writ of habeas corpus
(doc. no. 1), filed by pro se petitioner Kevin Paul Peno, who is
currently serving a sentence for criminal offenses committed in
Pennsylvania.  Peno has cited 28 U.S.C. § 2241 as authority for
filing the petition.  The petition (doc. no. 1) is identical to
a petition that Peno filed in a federal district court in
Pennsylvania.  The instant petition is the fourth application
for federal habeas relief that Peno has filed in connection with

---

[1]Peno has named the following individuals and organizations
as respondents: David Varano, Superintendent, Pennsylvania State
Correctional Institution, Coal Township; the Pennsylvania
Probation and Parole Department; the Pennsylvania Department of
Corrections; and Judge Lawrence F. Clark, Jr., Court of Common
Pleas, Dauphin County, Pennsylvania.

his Pennsylvania convictions.  The first and third prior

petitions shall be referred to herein as <u>Peno I</u> and <u>Peno III</u>.[2]

     The petition (doc. no. 1) is here for preliminary review to

determine whether or not the claims raised therein are facially

valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing

Section 2254 Cases in the United States District Courts ("§ 2254

Rules"); <u>id.</u> Rule 1(b) (authorizing court to apply § 2254 Rules

to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241).


<b>Standard of Review</b>

     Pursuant to § 2254 Rule 4, a judge is required to promptly

examine any petition for habeas relief, and if "it plainly

appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the

judge must dismiss the petition."  <u>Id.</u>  In undertaking this

review, the court applies a standard analogous to that used in

reviewing a motion to dismiss filed under Fed. R. Civ. P.

12(b)(6).  The court decides whether the complaint contains

----

     [2]<u>See</u> <u>Peno v. Lavan</u>, No. 3:02-CV-1907 (M.D. Pa. Apr. 3, 2003)
(order dismissing § 2254 petition because of procedural default)
("<u>Peno I</u>"); <u>Peno v. Varano</u>, No. 3:10-cv-1067-WJN (M.D. Pa. Sept.
30, 2010) (order dismissing § 2254 petition as second and
successive, and for failure to exhaust state court remedies);
<u>Peno v. Varano</u>, No. 3:11-CV-0730-WJN (M.D. Pa. Nov. 9, 2011)
(order dismissing petition) ("<u>Peno III</u>").

sufficient factual matter, accepted as true, to state a claim to relief that is plausible and cognizable in a petition for federal habeas relief.  See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims).  The court may consider whether federal habeas review is barred by the petitioner's failure to exhaust state court remedies, a procedural default, or a statute of limitations defense apparent upon the face of the petition.  See id.; see also Day v. McDonough, 547 U.S. 198, 209-10 (2006) (district courts are permitted, but not required, to dismiss complaint, sua sponte, based upon statute of limitations, if parties have received fair notice and an opportunity to present their positions); Oakes v. United States, 400 F.3d 92, 96 (1st Cir. 2005) (district court has discretion to raise issue of procedural default sua sponte (citing Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997))).

**Background**

I.   Criminal Conviction and Sentence in Pennsylvania

In 1996 in Dauphin County, Pennsylvania, Peno was charged with firearms offenses, criminal conspiracy, and sex offenses involving two young children.  The firearms charges proceeded to

trial.  A jury convicted Peno on the firearms charges, and, shortly thereafter, on April 17, 1998, Peno pleaded guilty to charges alleging sex offenses and a criminal conspiracy.

Peno's sentence for the convictions included 7½ to 15 years in prison and several concurrent terms of probation, the longest of which was twenty years.  Probation was set to begin when Peno became eligible for parole.  The sentence conditioned parole eligibility on Peno completing treatment programs in prison.  A docket entry for the change of plea hearing states that probation was concurrent "for this sentence only" and that the probation terms imposed could be rendered consecutive if Peno's parole or probation was revoked.  Documents provided to Peno by the Pennsylvania Board of Probation and Parole ("Parole Board") in May 1998 stated that the maximum date for the 20-year probation term would be April 17, 2008, twenty years after he was sentenced.

Peno served the maximum term of his prison sentence without parole because, he asserts, the standards for parole eligibility changed over time.  Peno's scheduled release date was November 13, 2011.  On March 16, 2011, the Parole Board issued documents showing that Peno's 20-year term of probation would extend into 2031, twenty years beyond Peno's scheduled release date.

II.  <u>Post-Conviction Proceedings in State Court</u>

While incarcerated, Peno filed a number of unsuccessful petitions for post-conviction relief in the Dauphin County Court of Common Pleas in Pennsylvania.  In one of Peno's previously filed petitions in state court, Peno asserted: (1) that in March 2011, the Parole Board altered the terms of his plea agreement and his sentence, in violation of the Double Jeopardy Clause and the Due Process Clause, by extending the term of his probation; (2) that Peno was actually innocent; (3) that the prosecutor had misled the jury during Peno's firearms trial; and (4) that the prosecutor had improperly coached the two young victims during a preliminary hearing on Peno's sex offense charges.

In denying that petition on March 29, 2011, the state court found that Peno's original sentence had included a consecutive term of probation, not a concurrent term, and that Peno had not challenged the Parole Board's March 2011 actions in a state court with jurisdiction to review such actions.  <u>See</u> Ex. B to Pet. (order denying petition for post-conviction relief, in <u>Commonwealth v. Peno</u>, Nos. 2996 CR 1996, 3397 CR 1996, slip op. at 2, 4 (Pa. Ct. Com. Pl., Dauphin Cnty., Mar. 29, 2011)).  The state court also found that Peno's petitions had been vexatious,

and that if Peno were to file an appeal, the state appellate
court should consider whether to sanction Peno.  Peno did not
appeal the March 2011 order denying his state petition for post-
conviction relief.

III. <u>Federal Habeas Petitions in New Hampshire and Pennsylvania</u>

     Currently residing in New Hampshire and, the court
presumes, still subject to conditions of probation, Peno filed
the instant federal habeas petition in May 2011 while he was
incarcerated pursuant to his prison sentence.  Peno has relied
upon 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, in applying for
a writ of habeas corpus in this court.

     The instant petition is identical to the third federal
habeas petition that Peno filed in federal court in
Pennsylvania, <u>Peno III</u>, which was pending when Peno chose to
file the same petition (doc. no. 1) here.  On November 9, 2011,
the district court in Pennsylvania issued an order adopting the
magistrate judge's report and recommendation, which dismissed
the petition.  <u>See</u> <u>Peno III</u> (order dismissing petition).  The
district court specifically rejected Peno's objection that,
since a § 2254 petition challenging Peno's underlying conviction
would be time-barred, Peno should be allowed to proceed under

§ 2241.  See id., slip op. at 4-5 & n.3.  The court noted that
Peno had "flatly refused" to comply with an order directing him
to refile his petition using the standard form for a § 2254
petition.  Id., slip op. at 2 and 5.  Peno did not appeal the
Peno III court's dismissal of his petition.

The petition filed in this court asserts the following
claims[3]:

> 1.  The Parole Board violated Peno's Fourteenth Amendment
> due process rights on March 16, 2011, in that:  (a) the
> Parole Board converted a 20-year concurrent term of
> probation into a consecutive term; and (b) the Parole Board
> required Peno to remain in Pennsylvania beyond his release
> from prison, which conflicted with the substance of Peno's
> negotiated plea agreement, which was designed to allow him
> to return to New Hampshire upon his release from prison.
>
> 2.  The Parole Board's action in March 2011 violated
> Peno's Fifth and Fourteenth Amendment right not to be
> subjected to double jeopardy, by increasing his sentence
> beyond what was imposed by the sentencing court.
>
> 3.  Peno's Fourteenth Amendment due process rights were
> violated during the judicial proceedings preceding Peno's
> criminal convictions, when the prosecutor:  (a) during a
> preliminary hearing, coached minor witnesses regarding what
> to say; and (b) in an unspecified manner, misled the jury
> during the firearms trial.

---

[3]The claims identified herein are deemed to be the only
federal claims asserted in the petition in this court.  If Peno
disagrees with this court's identification of the claims
asserted in the petition, he must file a motion to reconsider
this order, or a motion to amend the petition.

**Discussion**

I.   <u>Classification of Petition (doc. no. 1)</u>

Peno has asserted that the instant petition was filed pursuant to 28 U.S.C. § 2241(d).  Section 2241 is a general grant of habeas jurisdiction.  A related statute, 28 U.S.C. § 2254 limits that general grant of jurisdiction, with respect to state prisoners.  <u>See</u> <u>Rice v. White</u>, 660 F.3d 242, 250 (6th Cir. 2011) (provisions codified in § 2254 implement and limit § 2241's general grant of habeas jurisdiction with respect to state prisoners).  Section 2241 provides, in pertinent part, that federal courts, within their respective jurisdictions, may grant petitions for a writ of habeas corpus, and that a petition may be filed in a federal court with jurisdiction over the custodian.  <u>See</u> 28 U.S.C. § 2241(a).  Section 2254 specifically provides a remedy for persons in custody pursuant to a state court judgment.  <u>See</u> <u>id.</u> § 2254.

The federal court in Pennsylvania, dismissing Peno's petition that is identical to the instant petition, ruled that Peno could not proceed under § 2241, as he was challenging a sentence imposed upon a judgment of conviction issued by a Pennsylvania state court.  <u>See</u> <u>Peno III</u>, slip op. at 3-4. Finding no error in that court's reasoning, this court concurs

in finding that the petition must proceed, if at all, under §
2254.

A district court may deem a petition like Peno's to be a
§ 2254 petition, in deciding whether the petition must be
dismissed as a second or successive § 2254 petition, pursuant to
28 U.S.C. § 2244(b).  See Brennan v. Wall, 100 F. App'x 4, 4
(1st Cir. 2004).  This court therefore considers Peno's petition
to be a § 2254 petition, for the purposes of that inquiry.


II.  Second or Successive Petition

The relevant gatekeeping provisions of the Antiterrorism
and Effective Death Penalty Act of 1996 ("AEDPA"), codified at
28 U.S.C. § 2244(b), require a district court to dismiss claims
presented in a "second or successive" petition if those claims
were presented in a prior petition, see 28 U.S.C. § 2244(b)(1),
and to dismiss all "second or successive" petitions unless,
among other things, the petitioner has moved for and obtained an
order from the court of appeals authorizing the district court
to consider the petition, pursuant to 28 U.S.C. § 2244(b)(3).
The question this court now considers is whether any of Peno's
three prior § 2254 petitions render the instant petition a
second or successive petition, for the purposes of 28 U.S.C.

§ 2244(b).  If so, this court lacks jurisdiction to consider the instant petition.

A "numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." Vasquez v. Parrott, 318 F.3d 387, 389 (2d Cir. 2003) (quotation omitted).  Of particular relevance here, if a prior petition is not adjudicated on the merits, a later-filed petition is not deemed second or successive.  See generally Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997) ("if the original petition did not produce an adjudication on the merits a prisoner's later petition will not be deemed 'second or successive'" (citing cases)).  Furthermore, the district court may review a second-in-time § 2254 petition, without prior authorization from the court of appeals, if all of the claims asserted therein were not ripe and thus could not have been litigated in the prior petition.  See Restucci v. Bender, 599 F.3d 8, 10 (1st Cir. 2010) (petition challenging parole denial was not "second or successive" relative to prior petition challenging underlying conviction, insofar as claims were not ripe when prior petition was adjudicated).

A.   <u>Inquiry as to Peno III</u>

The court first considers whether the instant petition is second or successive relative to the identical petition filed in Pennsylvania, <u>Peno III</u>, which was pending at the time the instant petition was filed.  Both the court's order in <u>Peno III</u> and the underlying report and recommendation are premised on the finding that Peno could not proceed under § 2241; that issue, and not the merits of any claims asserted in the petition, was the issue adjudicated by the district court in <u>Peno III</u>.  The sequential filing of the two identical petitions in different federal district courts did not render the instant petition "second or successive," because the court in dismissing the prior petition did not adjudicate any of the § 2254 claims on the merits.

B.   <u>Inquiry Relative to Peno I</u>

The instant petition asserts claims of prosecutorial misconduct, relating to Peno's underlying conviction.  Those claims were ripe before Peno's first § 2254 petition was adjudicated in <u>Peno I</u>.  The court in <u>Peno I</u> adjudicated the petition on the merits, and dismissed it on the basis of procedural default.  <u>See</u> <u>Peno I</u> (Order of dismissal Apr. 3, 2003); <u>cf.</u> <u>Carter v. United States</u>, 150 F.3d 202, 205-06 (2d

11

Cir. 1998) (citing cases) ("the denial of a first section 2254 petition for procedural default, which default is not overcome by a showing of cause and prejudice, 'must be regarded as a determination on the merits in examining whether a subsequent petition is successive'" (citations omitted)).  The instant petition, insofar as it asserts claims alleging prosecutorial misconduct, is thus successive to the § 2254 petition that Peno filed in 2002 because they could have been litigated in <u>Peno I</u>. Accordingly, this court does not have jurisdiction to consider Peno's claims of prosecutorial misconduct as Peno must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3).

    C.  <u>Mixture of Successive and Non-successive Claims</u>

The proper disposition of this petition is complicated by the assertion of both "successive" and "non-successive" claims. The claims challenging the Parole Board's actions are "non-successive," and do not, by themselves, trigger the jurisdictional restrictions in § 2244(b).  However, the Parole Board claims are asserted alongside the prosecutorial misconduct claims, which are successive.  Neither the Supreme Court nor the First Circuit has prescribed procedures to be followed when a

district court is presented with such a mixed petition, although dismissal of the entire petition without prejudice is appropriate under the statute.  See 28 U.S.C. § 2254(b); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (§ 2244(b)(3)'s jurisdictional bar "extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately").

In cases involving habeas petitions including both successive and non-successive claims, the Fourth and Eighth Circuits have endorsed the approach of affording "the prisoner the choice of seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization."  Winestock, 340 F.3d at 205-06 (quoting Pennington v. Norris, 257 F.3d 857, 859 (8th Cir. 2001)); but see Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006) (directing district courts to address merits of non-successive claims and to transfer to court of appeals successive claims for authorization).

Here, Peno's Parole Board claims are readily severable from the prosecutorial misconduct claims.  Accordingly, the court will provide Peno with the option to decide whether to forego

the prosecutorial misconduct claims at this time, in order to allow the district court to exercise jurisdiction immediately over the Parole Board claims.  See Winestock, 340 F.3d at 205-06.  Alternatively, if Peno chooses not to drop the prosecutorial misconduct claims from the instant petition, this court must dismiss the entire petition, without prejudice to Peno seeking leave from the First Circuit to have the district court consider all of his claims, pursuant to 28 U.S.C. § 2244(b)(3).

III. Exhaustion of the Parole Board Claims

To be eligible for relief on claims asserted in a § 2254 petition, a petitioner must show that he has exhausted the remedies available to him in the state courts regarding those claims, or that state corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  Id. § 2254(c).  "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal

habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482
(1st Cir.), cert. denied, 132 S. Ct. 426 (2011).

Peno filed a state court petition for post-conviction
relief, asserting the same claims concerning the Parole Board
that he asserts in this petition, but did not appeal the lower
state court order denying his petition for post-conviction
relief. Furthermore, the record indicates that Peno failed to
challenge the Parole Board's March 2011 decision in any court in
Pennsylvania that may have had jurisdiction over such claims.
Cf. Coady v. Vaughn, 770 A.2d 287, 289 (Pa. 2001) (allegations
of constitutional violations against Parole Board may be pursued
in certain cases through writ of mandamus). Therefore, Peno
cannot proceed on any of his claims at this time because he has
not shown that he has exhausted his state court remedies on the
federal claims asserted in the petition (doc. no. 1).

This court may provide a petitioner with an opportunity to
stay a federal petition in order to exhaust his state court
remedies. Accordingly, along with providing Peno an opportunity
to amend his petition to remove the prosecutorial misconduct
claims, the court will allow Peno to amend his complaint to
demonstrate that he has exhausted the Parole Board claims
asserted in the petition, or to move for a stay so that he can

exhaust any available state court remedies for those claims,
before this court subjects the petition to further review.

IV. Respondent

Before this petition may proceed, Peno must identify the
proper respondent, who must be the state official who has
custody over him. See § 2254 Rule 2. In the case of a
probationer, the respondent may be a particular probation
officer and the official in charge of the probation agency with
supervisory authority over him. See § 2254 Rule 2(a), adv.
comm. notes (1976 adoption), subdiv. b(2) (respondent for
probationer's petition shall be particular probation officer and
official in charge of probation agency). At the time the
petition was filed, Peno was incarcerated in Pennsylvania, and
the respondents named by Peno included the prison superintendent
and other individuals and agencies in Pennsylvania. Peno has
not made clear whether any Pennsylvania correctional authority
retains custody over him during the probationary term that is
apparently ongoing.

Peno now resides in New Hampshire. This court has
presumed, without deciding, that Peno remains subject to
conditions of probation. It is not clear whether a probation

officer or other official who is located in New Hampshire, and therefore subject to this court's jurisdiction, may also be a proper respondent to this action. Peno is therefore directed, in the manner specified below, to file an amended petition identifying the state officials with custody over him at this time, as respondents in this action.

### Conclusion

For the foregoing reasons, the court grants Peno leave to file an amended petition, within 30 days, in accordance with the following directives:

1. The amended petition shall state whether Peno intends to drop from the petition all claims of prosecutorial misconduct.

    A. If Peno drops the prosecutorial misconduct claims, this court will exercise its jurisdiction over the remaining claims, which relate only to the Parole Board's March 2011 actions.

    B. If Peno does not drop the prosecutorial misconduct claims, this court will recommend to the district judge that the entire petition be dismissed without prejudice to Peno's filing, in the First Circuit, a

motion seeking prior authorization for the district court to consider the petition, pursuant to 28 U.S.C. § 2244(b)(3).

2.   The amended petition shall demonstrate whether Peno has already exhausted all available and effective state court remedies with respect to the claims asserted in the petition. If Peno requires additional time to exhaust his state court remedies, he must file, within 30 days of the date of this order, a motion requesting that this court stay the petition while Peno exhausts his remedies in the state courts.

3.   The amended petition shall identify the state officers or officials who have custody over Peno at this time.

4.   Peno's failure to comply with the terms of this order will result in a recommendation that the petition be dismissed without prejudice for lack of jurisdiction or for failure to demonstrate exhaustion.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2012

cc:  Kevin Paul Peno, pro se

LBM:nmd

18