**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Kevin Paul Peno</u>

   v.                                       Civil No. 11-cv-242-SM

<u>David Varano et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is a petition for writ of habeas corpus (doc. no. 1), filed by pro se petitioner Kevin Paul Peno. On January 31, 2012, this court issued an order (doc. no. 8) ("January 31 Order") finding that Peno's petition is a second or successive application for federal habeas relief because it includes a claim of prosecutorial misconduct which could have been litigated in Peno's first federal habeas petition in the United States District Court for the Middle District of Pennsylvania, <u>see</u> <u>Peno v. Lavan</u>, No. 3:02-CV-1907 (M.D. Pa. Apr. 3, 2003) (order dismissing § 2254 petition because of procedural default). This court further explained in the January 31 Order that district courts do not generally have jurisdiction to consider "second or successive" petitions, unless authorized to do so by the appropriate court of appeals, pursuant to 28 U.S.C. § 2244(b)(3). The court granted Peno thirty days in which to file an amended petition, dropping the claim that rendered it

second or successive, and the court warned Peno that failing to drop the claim would result in a recommendation that the entire petition be dismissed, without prejudice to Peno seeking leave from the First Circuit to have this court consider all of his claims, pursuant to 28 U.S.C. § 2244(b)(3).

Additionally, the court noted in the January 31 Order that Peno had not demonstrated that he had exhausted his state court remedies as to any of the claims asserted in the petition. To be eligible for relief on claims asserted in a federal habeas petition, a petitioner must show that he has exhausted the remedies available to him in the state courts, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). The court granted Peno thirty days in which to file an amended petition, demonstrating that he had exhausted his available and effective state court remedies. The court also warned Peno that failure to file an amended petition would result in a recommendation that the petition be dismissed without prejudice.

More than thirty days have elapsed since the issuance of the January 31 Order. Peno has not filed any response to that order.

Conclusion

For reasons stated herein and in the January 31 Order, Peno's entire petition should be dismissed without prejudice for lack of jurisdiction and for failure to demonstrate exhaustion. See 28 U.S.C. §§ 2244(a) & 2254(b). A dismissal without prejudice allows Peno to exhaust his state court remedies, as appropriate, and to file, in the First Circuit, a motion seeking prior authorization for the district court to consider the petition, pursuant to 28 U.S.C. § 2244(b)(3).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 8, 2012
cc: Kevin Paul Peno, pro se
LBM:nmd